IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
C/A No.: 1:24-CV-207

| | |
|---|---|
| TAG LENDING LLC,<br><br>Plaintiff,<br><br>v.<br><br>HOME CRAFTERS WESTERN CAROLINA, LLC A/K/A HOME CRAFTERS OF WESTERN NORTH CAROLINA, LLC, WILLIAM SANDOW,<br><br>Defendants. | **COMPLAINT** |

NOW COMES the Plaintiff, Tag Lending LLC ("**Plaintiff**"), complaining of the Defendants, and alleges and says as follows:

## PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of Utah with its principal place of business in Utah.

2. Defendant Home Crafters Western Carolina, LLC a/k/a Home Crafters of Western North Carolina, LLC ("**Home Crafters**") is a limited liability company organized and existing under the laws of North Carolina with its principal place of business in North Carolina.

3. Defendant William Sandow ("**Sandow**") is a citizen and resident of the State of New York.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a), because diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Judicial District under 28 U.S.C. § 1391 in that this is a civil action, a substantial part of the events or omissions giving rise to the claim occurred here, and/or a substantial part of property that is the subject of the action is situated here.

## STATEMENT OF FACTS

6. On or about May 6, 2014, Sandow, as authorized agent for Home Crafters, executed a Bridge Lending Agreement and Credit and Security Agreement with Plaintiff as secured party and Home Crafters as Debtor ("**the Loan**" or "**the Contract**").

7. The Contract consists of two documents, one titled "Bridge Lending Agreement" and one titled "Credit and Security Agreement."

8. Sandow signed both the "Bridge Lending Agreement" and the "Credit and Security Agreement."

9. A true and correct copy of the Contract is attached hereto as **Exhibit A**.

10. Sandow was authorized to sign the Contract as evidenced by that certain Certificate of Authority of a Corporation ("**the Certificate**") authorizing Sandow to execute the Contract.

11. A true and correct copy of the Certificate is attached hereto as **Exhibit B**.

12. In the Contract, Home Builders granted Plaintiff a security interest in all collateral described therein, including, without limitation, all inventory, equipment and fixtures ("**the Collateral**").

13. The Collateral includes small, prefabricated homes constructed and to be constructed by Home Crafters.

14. A UCC filing reflecting Plaintiff as Secured Party and Home Crafters as Debtor is filed with the North Carolina Secretary of State in File number: 20230114823H ("**the UCC Filing**").

15. A true and correct copy of the UCC Filing is attached hereto as **Exhibit C**.

16. On or about May 6, 2014, Sandow executed a Guaranty wherein Sandow guaranteed the full performance and payment of the obligations of Home Crafters ("**the Guaranty**").

17. In accordance with the terms of the Guaranty, Sandow is liable for all amounts due under the Contract.

18. A true and correct copy of the Guaranty is attached hereto as **Exhibit D**.

19. In accordance with the terms of the Contract, Plaintiff provided to Home Crafters a line of credit for the purpose of financing the construction of pre-fabricated homes for delivery and installation to various landowners.

20. In connection with the construction process, each landowner is required to execute and deliver a Deed of Trust naming the landowner as Grantor and Plaintiff as Beneficiary.

21. Home Crafters is required to record each deed of trust with the register of deeds in the county in which the relevant property lies.

22. Upon completion of construction and delivery of each pre-fabricated home to the landowner, a closing occurs for the landowner to obtain permanent financing.

23. Home Crafters is required to instruct the closing attorney handling the closing for the permanent financing to remit to Plaintiff the proceeds of any such sale to pay down the amounts owed under the Contract for the debt associated with such home and for the release of the Collateral from Plaintiff's lien, including satisfaction of the deed of trust.

24. The above process and paydown has been the parties' course of performance throughout the lending relationship beginning in 2014.

25. Home Crafters has completed and closed at least three (3) properties with pre-fabricated homes which consist of the Collateral and that were funded by Plaintiff, in accordance with the terms of the Contract, and Plaintiff was not paid the required proceeds to release its Collateral.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract as to Home Crafters)

26. All of the allegations contained in the preceding paragraphs are re-alleged and incorporated by reference.

27. The Contract is a valid contract between Plaintiff and Home Crafters.

4

28. Plaintiff is the current owner and holder of the Contract.

29. The Contract is made payable to the Plaintiff.

30. The Contract has not been endorsed, transferred, or assigned to a third party.

31. On one or more occasions, Home Crafters failed to record the deed of trust associated with one of the homes that would be considered "inventory" under the Contract.

32. On one or more occasions, Home Crafters failed to instruct the closing attorney for the permanent financing to remit to Plaintiff the proceeds of a sale that, per the Contract, should have been remitted to Plaintiff.

33. On one or more occasions, Home Crafters otherwise failed to remit or cause to be remitted to Plaintiff the proceeds of a sale that, per the Contract, should have been remitted to Plaintiff.

34. Home Crafters has instead used the funds that should have gone to Plaintiff for Home Crafter's own purposes and enrichment, as well as for the purposes and enrichment of Sandow.

35. Defendant Home Crafters is in default of the Contract for:

   a. Failure to record or to cause to be recorded the deeds of trust for all Collateral;

   b. Failure to timely pay Plaintiff in accordance with the Contract;

   c. Failure to pay Plaintiff the sums due and owing under the terms of the Contract;

   d. Failure to dispose of the Collateral in compliance with the Contract.

36. As of August 1, 2024, the balance due and owing under the Contract was $990,473.27 plus the interest accruing from said date at the default rate per the terms of the Contract.

37. Prior to the filing of this lawsuit, the Plaintiff notified Home Crafters and Sandow in writing of the outstanding balance on the debt, and further notified Home Crafters and Sandow that the Plaintiff will seek to recover attorneys' fees in addition to the outstanding balance of the debt, pursuant to the provisions of the Contract, unless Home Crafters and Sandow pay the outstanding balance of the debt within five (5) days from the mailing of the notice.

38. The Plaintiff's notification specifically informed Home Crafters and Sandow that if they paid the outstanding balance in full before the expiration of the five (5) days, then Home Crafters and Sandow would not be liable for the Plaintiff's attorneys' fees (attached as **Exhibit E**).

39. Home Crafters and Sandow failed to pay the outstanding balance of the debt within five (5) days from the mailing of the notice sent by the Plaintiff as described above.

40. This failure constitutes a breach of the Contract.

41. As the outstanding balance was not paid in full within the time specified, the Plaintiff is entitled to recover attorneys' fees from Home Crafters in the amount of $148,570.99.

**SECOND CLAIM FOR RELIEF**
(Breach of Fiduciary Duty as to Home Crafters)

42. All of the allegations contained in the preceding paragraphs are re-alleged and incorporated by reference.

6

43. Under paragraph 8(c) of the Contract, Home Crafters agreed that it "holds, as a fiduciary or trustee, and in trust for the benefit of the Secured Party, all of the proceeds of any such sale, and immediately remits the unpaid Invoice Cost of such item of Inventory to Secured Party."

44. Home Crafters thus agrees that if it collected money from the sale of Collateral, it would hold those funds in trust for the benefit of Plaintiff and immediately pay to Plaintiff the unpaid amounts owed and relating to the Collateral.

45. On one or more occasions, Home Crafters collected money from the sale of Collateral and failed to immediately pay to Plaintiff the unpaid amounts owed and relating to the Collateral.

46. Home Crafters has breached its fiduciary duty to Plaintiff.

47. Home Crafters breach of its fiduciary duty is the actual and proximate cause of Plaintiff's alleged damages which are in excess of $75,000.

### THIRD CLAIM FOR RELIEF
(Unjust Enrichment/Quantum Meruit as to Home Crafters)

48. All of the allegations contained in the preceding paragraphs are re-alleged and incorporated by reference.

49. Should the Court determine that the Contract is invalid or otherwise inapplicable to this matter, Plaintiff alleges and avers that Plaintiff conferred a measurable benefit on Home Crafters in the form of a loans to purchase, deliver, and build the Collateral.

50. The loans were not officiously or gratuitously offered.

51. Plaintiff is in the business of making such loans and, should these loans not be secured or repaid, this could greatly compromise its ability to continue working in this industry.

52. Home Crafters knew Plaintiff is in the business of making such loans.

53. Home Crafters also knew of the benefit conferred on it in the form of Plaintiff's loans, knew that they were not gratuitously offered, and knew that Plaintiff expected to have a lien on the Collateral and underlying property pending closing, and expected it would be paid upon closing.

54. With this knowledge, Home Crafters consciously accepted and used the money from Plaintiff's loans to its benefit.

55. It would be inequitable for Home Crafters to receive the benefits of these loans without reimbursing Plaintiff.

**FOURTH CLAIM FOR RELIEF**
(Breach of Contract as to Sandow)

56. All of the allegations contained in the preceding paragraphs are re-alleged and incorporated by reference.

57. The Guaranty is a valid contract between Plaintiff and Sandow.

58. Plaintiff is the current owner and holder of the Guaranty.

59. The Guaranty is made payable to the Plaintiff.

60. The Guaranty has not been endorsed, transferred, or assigned to a third party.

61. In accordance with the above, Home Crafters is in default under the Contract and owes Plaintiff the amounts referenced above.

8

Case 1:24-cv-00207-MR-WCM    Document 1    Filed 08/09/24    Page 8 of 10

62. In accordance with the above, Home Crafters is in breach of its fiduciary duties under the Contract and owes Plaintiff the amounts referenced above.

63. In the alternative, Home Crafters is liable to pay Plaintiff the amounts referenced above under the theory of unjust enrichment/quantum meruit.

64. Plaintiff had demanded that Home Crafters pay the amounts owed, and Plaintiff has refused to do so.

65. As Home Crafters guarantor, Sandow has the obligation to pay the sums Home Crafters owes to Plaintiff.

66. Per the above, Plaintiff has made a demand on Sandow to pay the amounts owed, and Sandow has refused to do so.

67. Sandow is in breach of the Guaranty.

68. Sandow's breach caused damages to Plaintiff in the amounts owed by Home Crafters to Plaintiff.

69. Also per Guaranty and the Contract, Home Crafters is entitled to recover its attorney's fees from Sandow.

WHEREFORE, the Plaintiff prays the Court as follows:

1. That Plaintiff have and recover from Home Crafters and/or Sandow, the sum of $990,473.27 together with interest at the default rate from August 31, 2023;

2. That Plaintiff have and recover from Home Crafters and/or Sandow, attorney fees in the amount of $148,570.99;

9

3. That the costs of this action be taxed to Home Crafters and Sandow; and

4. That Plaintiff have such other and further relief as the Court deems just and proper.

This the 9th day of August, 2024

**VAN WINKLE, BUCK, WALL, STARNES AND DAVIS, P.A.**

*s/ Esther E. Manheimer*
Esther E. Manheimer, NC Bar #25712
emanheimer@vwlawfirm.com
Jonathan Dunlap, NC Bar # 43584
jdunlap@vwlawfirm.com
11 North Market Street
Asheville, North Carolina 28801
Ph: (828) 258-2991
Fx: (828) 257-2767
*Attorneys for Plaintiff*